**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **TOPIA TECHNOLOGY, INC.,** | § | |
| *Plaintiff* | § | |
| | § | |
| **-vs-** | § | **W-21-CV-01373-ADA** |
| | § | |
| **DROPBOX, INC., SAILPOINT** | § | |
| **TECHNOLOGIES HOLDING, INC.,** | § | |
| **and CLEAR CHANNEL OUTDOOR** | § | |
| **HOLDINGS, INC.,** | § | |
| *Defendants* | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Before the Court is Defendant Dropbox, Inc.'s ("Dropbox") Motion to Sever, Stay, and Transfer Venue to the Northern District of California, or in the Alternative, to the Austin Division of the Western District of Texas. ECF No. 43. Plaintiff Topia Technology, Inc. ("Topia") opposes the motion. ECF No. 62. Dropbox filed a reply to support its motion. ECF No. 66. After careful consideration of the parties' briefs and the applicable law, the Court **GRANTS** Dropbox's motion to transfer venue to the Northern District of California. Because the Court granted Defendants Sailpoint Technologies Holding, Inc. ("Sailpoint") and Clear Channel Outdoor Holdings, Inc.'s ("Clear Channel") Motion to Sever and Stay Under the "Customer-Suit" Exception, the Court finds Defendant Dropbox's Motion to Sever and Stay **MOOT**.

### I.     FACTUAL BACKGROUND

In its complaint, Topia claims Dropbox infringed on U.S. Patent Nos. 9,143,561 ("'561 patent"), 10,006,942 ("'942 patent"), 10,289,607 ("'607 patent"), 10,642,787 ("'787 patent"), 10,754,823 ("'823 patent"), and 11,003,622 ("'622 patent") (collectively, the "asserted patents"), which relate to a system and method for sharing electronic files between multiple

devices. ECF No. 45 ¶¶ 21, 84, 128, 176, 222, 267. Topia, the owner of the asserted patents, is a company organized under the laws of the state of Washington with its principal place of business in Tacoma, Washington. *Id.* ¶ 2. Dropbox is a corporation organized under the laws of the state of Delaware. *Id.* ¶ 3. Dropbox's headquarters are located in the Northern District of California. ECF No. 43 at 1. Dropbox has a regular and established place of business in Austin, Texas. ECF No. 45 ¶ 4.

According to Topia, Dropbox sells products and services that infringe the asserted patents, including Dropbox Professional, Dropbox Standard, and Dropbox Advanced for Businesses, Dropbox Plus, and Dropbox Family. *Id.* ¶ 27. The Court will refer to these products collectively as the "accused products." Along with this case, Topia filed one other action in this District alleging infringement of the asserted patents. *Topia v. Box, Inc.*, No. 6:21-cv-01372-ADA (W.D. Tex. Dec. 29, 2021) ("Box Litigation"). In the Box Litigation, Defendant Box filed a motion to stay, sever, and transfer the proceedings to the Northern District of California. *Topia v. Box, Inc.*, No. 6:21-cv-01372-ADA (W.D. Tex. July 26, 2022), ECF No. 44.

After responding to Topia's complaint, Dropbox filed this motion to transfer. ECF No. 43. Dropbox does not argue that the Western District of Texas ("WDTX") is an improper venue for this case; instead, it argues that the Northern District of California ("NDCA") is a more convenient forum, pointing to the location of potential witnesses and relevant records. *Id*. at 1−2. Topia contends that the case should remain in the WDTX, pointing to key witnesses, sources of proof, and local interest in this District. ECF No. 62 at 3.

## II.    LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and

witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereinafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

## III.   DISCUSSION

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the NDCA. Dropbox argues that this case could have been brought in the NDCA. ECF No. 43 at 9. Dropbox operates a regular and established place of business in the NDCA. *Id.* Topia argues that this case could not have been brought in the NDCA because Dropbox failed to show whether venue would be proper for its co-defendants, Sailpoint and Clear Channel. ECF No. 62 at 9–10. Because the Court has severed the claims against Sailpoint and Clear Channel, the Court finds that venue would have been proper in the NDCA had the claims against Dropbox originally been filed there. Thus, the Court now analyzes the private and public interest factors to determine whether the NDCA is a clearly more convenient forum than the WDTX.

## A.  The Private Interest Factors

### i.   *The Cost of Attendance and Convenience for Willing Witnesses*

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience

to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342. When analyzing this factor, the Court should consider all potential witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

According to Dropbox, all of the relevant witnesses are based in the NDCA. ECF No. 43 at 2−3. Dropbox claims that other relevant employees are located in Washington, California, Oregon, Pennsylvania, and New York. ECF No. 43-1 ¶8. Dropbox further claims that Topia's party witnesses are located in Tacoma, Washington and Las Vegas, Nevada, and both Tacoma and Las Vegas are closer to the NDCA than the WDTX. ECF No. 43 at 12−13. Topia claims that relevant witnesses from Dropbox, Sailpoint, and Clear Channel are located in the WDTX. ECF No. 62 at 11−13. Because the Court has severed the claims against Sailpoint and Clear Channel, the Court considers potential witnesses from those entities under the compulsory witness factor below. *See In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018) (holding that

"when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor"). The remaining willing witnesses will be considered below.

      1.  Dropbox's Employees in the NDCA

According to Dropbox, most of its employees knowledgeable of the accused products are located in the NDCA. ECF No. 43 at 9. Dropbox claims that most of "Dropbox's engineering, development, product design functions, sales, and marketing" takes place in its San Francisco headquarters. ECF No. 43-1 ¶ 3. Dropbox claims that the witnesses that are likely to be called to testify are from its Core Sync team, which is located in Dropbox's offices in Seattle and San Francisco. *Id.* ¶ 7. Further, Dropbox claims that "the personnel most knowledgeable about the marketing and finances of Dropbox, including the Accused Products and Services as defined by Topia, are also located in San Francisco." *Id.* Topia does not seem to dispute that the NDCA would be a more convenient forum for these employees. ECF No. 62.

The Court finds that the Dropbox witnesses in San Francisco would be relevant at trial. While Dropbox's failed to identify relevant employees with any specificity, Topia does not challenge the relevancy of Dropbox's NDCA-based employees. And Dropbox has alleged that all of the design and development of the accused products took place in the NDCA, which suggests that relevant employees involved in the design and development of the accused products are located there. ECF No. 43 at 3. Thus, the Court finds that Dropbox has relevant employees in the NDCA that may testify at trial. The Court agrees with Dropbox that the NDCA would be a more convenient forum than the WDTX for Dropbox's employees based in the NDCA. The relevant consideration here is "the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of

time." *In re Google, LLC*, 2021 WL 4427899, at *4. Dropbox's NDCA-based employees would be more inconvenienced if they were called to testify in the WDTX than in the NDCA. Thus, the Court finds the presence of these Dropbox employees in the NDCA weighs in favor of transfer.

### 2. Dropbox's Employees in the WDTX

Dropbox admits that it has offices in Austin, Texas. ECF No. 43 at 3. Dropbox claims that its Austin office "includes some human resources, customer assistance, and sales people." *Id.* Dropbox also acknowledges that its Austin office has over thirty engineers; although, Dropbox claims that "none of them designed or work on the accused technology." *Id.* In response, Topia argues that Dropbox's largest office outside the NDCA is located in Austin. ECF No. 62 at 2. Topia points to twelve Dropbox employees in Texas that may have relevant knowledge: (1) ████ ████, Enterprise Account Manager, (2) ████████, API Support Engineer, (3) ████ ████, Systems Software Engineer, (4) ████████, Chief of Staff of Americas Sales, (5) ████████, Senior Strategic Customer Success Manager, (6) ████████, Technical Solutions, (7) ████████, Engineering Manager, (8) ████████, former Product Manager, (9) ████████, former Director of Global Platform Sales, (10) ████████, Software Engineer, (11) ████████, former[1] Software Engineer, and (12) ████████. ECF No. 62-3. Topia argues that the WDTX would be a more convenient forum for these Dropbox employees. ECF No. 62 at 13.

---

[1] Because ████████████████████ are former employees who no longer work at Dropbox, they would be more appropriately considered under the compulsory process factor below. *See In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018) (holding that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor"). However, because the Court finds that Topia failed to show why any of these employees would be relevant to testify at trial, the Court concludes that they do not weigh against transfer under the willing witness or compulsory witness factors.

In response, Dropbox claims that the Austin office is not Dropbox's second largest office. ECF No. 66 at 1. Further, Dropbox argues that Topia "cherry picks" Dropbox employees from Texas. *Id.* at 4. Dropbox also claims that the relevance of these witnesses is questionable and Topia has failed to show that these witnesses possess relevant knowledge of the accused products. *Id.* at 5. Dropbox complains that Topia "did not seek or take discovery of these individuals." *Id.*

The Court agrees with Dropbox. Topia has failed to show that these Dropbox employees in the WDTX possess knowledge relevant to this case. Topia has failed to connect any of the identified employees to the accused products. Thus, the Court finds that the presence of these Dropbox employees in the WDTX does not weigh against transfer.

1. <u>Dropbox's Employees in Washington, California, Oregon, Pennsylvania, and New York</u>

Dropbox claims that other than its employees in the NDCA, all other relevant employees are in Seattle, Washington, California, Oregon, Pennsylvania, and New York. ECF No. 43-1 ¶ 7. Topia does not appear to dispute the relevance of these witnesses.

The Court finds that the presence of knowledgeable Dropbox employees in Seattle, California, and Oregon weighs slightly in favor of transfer. The relevant consideration here is "the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, 2021 WL 4427899, at *4. The cost and inconvenience to travel from Seattle, California, or Oregon to the NDCA would be less than the cost and inconvenience to travel to Waco. However, the Court does not find that the presence of these Dropbox employees in Seattle, California, and Oregon weighs strongly in favor of transfer because Dropbox seems to argue that the employees most likely to testify at trial are located in the NDCA, not in Seattle, Oregon, or elsewhere in California.

ECF No. 43 at 9 ("Here, nearly all relevant witness . . . are located ***in*** the transferee district." (emphasis in original)).

The Court finds that the presence of knowledgeable Dropbox employees in Pennsylvania and New York does not weigh in favor of transfer. In *In re Apple Inc.*, the Federal Circuit concluded that this factor is neutral where "regardless of the ultimately chosen venue, such witnesses will be required to travel a significant distance, will likely incur meal and lodging expenses, and will likely incur time away from home." *In re Apple*, 979 F.3d at 1341−42. Here, regardless of whether this case remains in this District or is transferred to the NDCA, Dropbox's employees in Pennsylvania and New York will have to travel a significant distance, incur meal and lodging expenses, and incur time away from home to testify at trial. Thus, the Dropbox employees in Pennsylvania and New York do not impact the outcome of this factor.

2. <u>Topia's Witnesses in Tacoma, Washington and Las Vegas, Nevada</u>

Dropbox identifies at least one Topia party witness, John Haager, located in Tacoma, Washington. ECF No. 43 at 12. Topia petitioned the USPTO to add Mr. Haager as an inventor on the asserted patents. *Id.* at 4 n.4. Dropbox further identifies that Michael Manzano, the named inventor on the asserted patents, but Dropbox notes that it is unclear whether Mr. Manzano is a willing witness. *Id.* at 12−13. Mr. Manzano is located in Las Vegas, Nevada. *Id.* Dropbox argues that the NDCA would be a more convenient forum for both of Topia's party witnesses. *Id.* Topia does not dispute this argument. ECF No. 62.

The Court agrees with Dropbox that Mr. Haager's presence in Tacoma, Washington weighs in favor of transfer. The cost and inconvenience to travel from Tacoma to the NDCA would be less than the cost and inconvenience to travel from Tacoma to Waco. Thus, the presence of Mr. Haager in Tacoma weighs in favor of transfer. Because there is no evidence that Mr. Manzano is

a willing witness, the Court will consider Mr. Manzano under the compulsory process factor below. *See In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018) (holding that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor").

### 3.   Conclusion

The Court finds this factor weighs in favor of transfer. Dropbox has relevant employees that would find the NDCA a more convenient forum. Further, Topia's party witness, Mr. Haager, would also find the NDCA a more convenient forum.

### ii.   *The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

According to Dropbox, this factor weighs in favor of transfer because the relevant documents are created and maintained in the NDCA. ECF No. 43 at 10. Further, Dropbox argues that to the extent that there are any relevant hard copy documents, those documents are located in the NDCA or in Dropbox's Seattle location. *Id.* Lastly, Dropbox argues that its source code is maintained in Northwest Oregon, which is more easily accessible from the NDCA than the WDTX. *Id.* at 10−11. Lastly, Dropbox claims that Topia's evidence is located in Tacoma, Washington, where Topia is headquartered. *Id.*

In response, Topia argues that this factor weighs against transfer because relevant documents are easily accessible in this District. ECF No. 62 at 10. Topia argues that Dropbox is unable to identify whether its hard copy documents are located in the NDCA or in Seattle. *Id.* As for Dropbox's source code, Topia argues that Dropbox does not say where it is located. *Id.* Further, Topia complains that Dropbox's 30(b)(6) deponent was unable to identify the location of the servers that store Dropbox's electronic documents. *Id.* Because documents from Sailpoint, Clear Channel, and other Dropbox customers are located in the state of Texas, Topia argues this factor weighs against transfer. *Id.* at 10−11. Topia argues these documents are relevant to proving Topia's claims of induced infringement against Dropbox. *Id.* In its reply, Dropbox complains that Topia overemphasizes a few Dropbox customers in Texas, while overlooking Dropbox's customers worldwide. ECF No. 66 at 4.

To start, the Court notes that the Fifth Circuit has recently agreed with a district court that concluded that this factor is neutral because electronic evidence is equally accessible in either forum. *In re Planned Parenthood Fed'n of Am., Inc.*, No. 22-11009, 2022 WL 16549164, at *3 (5th Cir. Oct. 31, 2022). The Fifth Circuit held that "[t]he location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *Id.* But the Federal Circuit has held that it is an error to conclude this factor is neutral because electronic documents are easily accessible in both forums. *In re Apple, Inc.*, No., 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022). To the extent that these two holdings can be reconciled, the Court concludes that the location of physical evidence is more important to this analysis than the location where electronic documents are typically accessed. But the Court still considers the location of document custodians of electronic documents in its analysis of this factor. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

The Court agrees with Dropbox that at least some of its electronic evidence is likely maintained and created by Dropbox employees in the NDCA. As discussed above under the willing witness factor, there are likely Dropbox employees with relevant knowledge in the NDCA. These employees likely create and maintain documents relevant to this case. However, because Dropbox has failed to provide the Court with any specifics of the documents these employees create and maintain, the Court is only able to conclude that it is likely that at least some relevant electronic documents are created and maintained in the NDCA. As for Dropbox's source code, the Court is satisfied with Dropbox's statement that it stores it source code in Northwest Oregon. Source code stored in Northwest Oregon is more easily accessible from the NDCA than the WDTX. Thus, the presence of Dropbox's source code in Oregon weighs in favor of transfer.

Turning to Dropbox's physical evidence, Topia complains that Dropbox is unable to identify whether its physical evidence is located in the NDCA or Seattle. ECF No. 62 at 10. However, any physical evidence in the NDCA or Seattle is more easily accessible from the NDCA than from the WDTX. Thus, to the extent that Dropbox has any hard copy documents in either the NDCA or Seattle, those documents weigh in favor of transfer. Topia further complains that Dropbox has not identified the physical location of servers that store its electronic documents. The Court sympathizes with Topia's frustration regarding the physical location of Dropbox's electronic evidence. The Court agrees with Topia that the physical location of electronic information is relevant to the Court's analysis of this factor. However, the Court is unable to conclude that this factor weighs against transfer because Dropbox did not identify where its electronic documents are stored. *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *6 (Fed. Cir. Sept. 27, 2021) ("Nor does the fact Google stores documents in electronic form at data centers around the country

weigh in favor of holding trial in Texas."). Thus, the physical location of Dropbox's electronic evidence is not included in the analysis of this factor.

The Court agrees with Dropbox that Topia likely has documents in Tacoma, Washington that are created and maintained by Topia employees. As discussed above, Topia has at least one party witness in Tacoma. Topia's party witness presumably creates or maintains documents relevant to this case. Documents in Tacoma would be relatively easier to access from the NDCA than the WDTX. *Smarter Agent, LLC v. Redfin Corp.*, No. 6:21-cv-01172, 2022 WL 2835861, at *2–3 (W.D. Tex. July 20, 2022) (finding this factor favored transfer to the NDCA in part because some relevant evidence was located in Seattle).

Lastly, the Court finds that documents from Dropbox's customers weigh slightly against of transfer. Topia argues that these customers may have information relevant to Topia's claims of induced infringement. ECF No. 62 at 11. However, Dropbox appropriately notes that it has customers worldwide. ECF No. 66 at 4. While the Court agrees with Dropbox that its customers elsewhere may possess relevant sources of proof, the Court concludes that the presence of third-party documents from identified Dropbox customers in Texas weighs slightly against transfer.

Because both Topia's and Dropbox's relevant documents are likely located in or near both the NDCA, the Court finds that this factor weighs in favor of transfer. However, the Court recognizes that some relevant documentation may be stored with Dropbox's customers in the WDTX.

### iii.    *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense."

Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, 2018 WL 4692486, at *3 n.1.

Dropbox argues that this factor weighs in favor of transfer because the following NDCA-based prior artists may testify at trial: (1) Gibu Thomas, (2) Tom Rolander, (3) Adi Ruppin, (4) Stephen Lawrence, (5) George Moromisato, (6) David Braginsky, (7) Eric Uhrhane, (8) David Jeske, (9) Akash Sagar, (9) Lambertus Hesselink, (10) Dharmarus Rizal, (11) Eric Bjornson, and (12) Walter vonKoch. *Id.* at 12. Dropbox also claims that "[m]any of the former Dropbox employees who worked on the accused technology also still live in the NDCA." *Id.* at 12. Lastly, Dropbox notes that the inventor of the asserted patents, Michael R. Manzano, is located in Las Vegas, Nevada. *Id.* at 4.

In response, Topia argues that the presence of Sailpoint and Clear Channel employees in the WDTX weighs against transfer. ECF No. 62 at 11−12. Topia specifically identifies six Sailpoint employees and four Clear Channel employees in Texas. *Id.* Topia argues that Sailpoint and Clear Channel employees have information relevant to determining infringement and damages in this case. *Id.* Topia claims it may also call employees of other Dropbox customers, including Tellepsen Builders, Brandt, KIPP Houston, Reds PC and Technologies, Accudata Systems, The Core Technology Group, One Stop Cyber, and Technology and Beyond, to testify at trial. *Id.* at

12. In its reply, Dropbox complains that Topia overemphasizes the importance of these Dropbox customers. ECF No. 66 at 4. Dropbox claims that it has millions of users worldwide and the customers identified by Topia do not possess unique knowledge of the accused products. *Id.* at 4–5.

First, the Court agrees, and Topia does not appear to dispute, that that the prior artists identified by Dropbox are relevant. Further, the Court agrees, and Topia does not appear to dispute, that any former Dropbox employees in the NDCA that worked on the accused products may be relevant. The Court concludes that the presence of prior artists and former Dropbox employees in the NDCA weighs in favor of transfer.

Second, the Court finds that the presence of Mr. Manzano in Nevada does not impact the outcome of this factor. Mr. Manzano is outside the subpoena power of both the NDCA and the WDTX. Thus, regardless of whether this case remains in this District or is transferred to the NDCA, Mr. Manzano cannot be compelled to testify at trial by the court.

Lastly, the Court finds that the presence of Dropbox customers in or near the WDTX weighs slightly in favor of transfer. These customers may possess some information that is relevant at trial. However, as Dropbox appropriately notes, Dropbox also has other customers worldwide. Topia has not argued that Dropbox's "Texas customers and partners maintain any evidence a [California] customer or partner would not have." *AudioEye, Inc. v. accessible Ltd.*, No. 6:20-cv-997-ADA, 2022 WL 827805, at *4 (W.D. Tex. Mar. 9, 2022). Thus, the presence of Dropbox customers within the subpoena power of the WDTX does not weigh heavily against transfer.

The Court concludes that this factor weighs in favor of transfer. Dropbox has identified a significant number of witnesses located in the NDCA. While Topia has also identified Dropbox

customers in Texas, Dropbox customers are likely located within the subpoena power of both districts. Thus, the Court finds this factor weighs in favor of transfer.

> ### iv.  All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, [the Federal Circuit] cannot say the trial court clearly [abuses] its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010).

Dropbox argues that this factor is neutral despite the co-pending Box Litigation because both cases are in the very early stages of litigation. ECF No. 43 at 13. Dropbox argues that the mere co-pendency of the two suits in not enough to weigh heavily against transfer. *Id.* Dropbox also argues that the Box Litigation does not weigh against transfer because it involves different accused products, which would result in different discovery, evidence, proceedings, and trial. *Id.* In response, Topia argues that the co-pending action against Box weighs against transfer because it involves the same patents and a similar schedule as this case. ECF No. 62 at 13.

First, the Court disagrees with Dropbox's argument that because the case is in its early stages, this factor does not weigh against transfer. Judicial economy favors keeping related cases together in the same court. *NCS Multistage v. Nine Energy Serv., Inc.*, No. 6:20-cv-00277-ADA, 2021 WL 1199623, at * 3 (W.D. Tex. Mar. 30, 2021). When related cases are within the same

16

court, one court can resolve similar issues in the co-pending cases together. And even when different issues arise, such as issues specific to different defendants or different accused products, a court's familiarity with the technology and the asserted patents can help resolve these issues more expeditiously. Second, the Court also disagrees with Dropbox's argument that this factor is neutral or weighs in favor of transfer because the co-pending cases in this District involve different accused products. The Federal Circuit has held that it is not an abuse of discretion to keep related cases together even when the cases do not involve the same defendants or the same accused products. *In re Vistaprint Ltd.*, 628 F.3d at 1346 n.3.

Based on the co-pendency of the Box Litigation, the Court finds this factor weighs against transfer.

## B. The Public Interest Factors

### i. *Administrative Difficulties Flowing from Court Congestion*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

Dropbox argues that this factor weighs in favor of transfer because this District has more active patent cases than the NDCA. ECF No. 43 at 13−14. In response, Topia argues that this factor weighs against transfer because this Court is able to reach trial quicker than the NDCA. ECF No. 62 at 13−14. Specifically, Topia points to data that shows the median time to trial in this District is 28.3 months and the median time to trial in the NDCA is 34.7 months. *Id.* at 14. Topia also

argues that the NDCA is more congested than the WDTX because the NDCA has more civil actions per judge. *Id.*

The Court is not persuaded that this factor favors transfer because this Court has more patent cases than the NDCA. The Federal Circuit has previously held that there are "no significant differences in caseload or time-to-trial statistics" between the WDTX and the NDCA. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021). But recent statistics show that this Court has been able to bring cases to trial within two years.[2] Data from Topia suggests that the NDCA takes a median of 34.7 months to reach trial. ECF No. 62 at 14. The Federal Circuit has emphasized the importance of rapid disposition of patent cases. *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989). It has even acknowledged Congress's interest in the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). In view of Federal Circuit law and the available time-to-trial statistics, the Court finds this factor weighs at least slightly against transfer.

---

[2] *See, e.g., MV3 Partners v. Roku, Inc.,* 6:18-cv-00308-ADA (W.D. Tex., filed Oct. 16, 2018) (23.7 months from case filing to trial); *CloudofChange, LLC, v. NCR Corp.*, No. 6:19-cv-00513-ADA (W.D. Tex., filed August 30, 2019) (20.3 months from case filing to trial); *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-00057-ADA (W.D. Tex., filed Apr. 11, 2019) (22.4 months from case filing to trial); *Freshub, Inc. v. Amazon.Com Inc.*, No. 6:21-cv-00511-ADA (W.D. Tex., filed Jun. 24, 2019) (23.7 months from case filing to trial); *ESW Holdings, Inc. v. Roku, Inc.*, No. 6:19-cv-00044-ADA (W.D. Tex., filed Feb. 8, 2019) (25.9 months from case filing to trial); *Profectus Tech. LLC v. Google LLC*, 6:20-cv-00101-ADA (W.D. Tex., filed Feb. 10, 2020) (19.6 months from case filing to trial); *Jiaxing Super Lighting v. CH Lighting Tech.*, 6:20-cv-00018-ADA (W.D. Tex., filed Jan. 10, 2020) (21.7 months from case filing to trial); *VideoShare LLC v. Google LLC*, 6:19-cv-663-ADA (W.D. Tex., filed Nov. 15, 2019) (23.8 months from case filing to trial); *NCS Multistage Inc. v. Nine Energy Serv.'s, Inc.*, No. 6:20-cv-00277-ADA (W.D. Tex., filed Mar. 24, 2020) (21.8 months from case filing to trial); *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex., filed Jan. 31, 2020) (24 months from case filing to trial); *Densys Ltd. v. 3Shape Trio A/S*, 6:19-cv-00680-ADA (W.D. Tex., filed Nov. 26, 2019) (28.3 months from case filing to trial); *Appliance Computing III, Inc. v. Redfin Corp.*, No. 6:20-cv-00376-ADA (W.D. Tex., filed May 11, 2020) (24 months from case filing to trial); *Caddo Sys. Inc., v. Microchip Tech. Inc.*, No. 6:20-cv-00245-ADA (W.D. Tex., filed March 27, 2020) (26.5 months from case filing to trial); *SunStone Information Def., Inc. v. International Bus. Machines Corp.*, No. 6:20-cv-1033-ADA (W.D. Tex., filed Nov. 9, 2020) (21.0 months from case filing to trial); *NCS Multistage Inc. v. TCO Products Inc.*, No. 6:20-cv-00622-ADA (W.D. Tex., filed Sept. 9, 2020) (23.4 months from case filing to trial); *Ravgen, Inc. v. Lab. Corp. of Am. Holdings*, No. 6:20-cv-00969-ADA (W.D. Tex. filed Nov. 16, 2020) (23.1 months from case filing to trial).

ii.    *Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at \*4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

Dropbox argues that the local interest factor favors transfer because the events giving rise to the litigation took place in the NDCA. ECF No. 43 at 14. Dropbox argues that the accused product was developed in the NDCA. *Id.* Dropbox also points out that its headquarters are located in the NDCA. *Id.* With respect to its offices in Austin, Dropbox argues that "no engineering, product, or design work for the accused technology is or was based there and no software or source code for the accused technology is maintained there." *Id.* at 14−15.

In response, Topia argues this factor weighs against transfer because the WDTX has a strong local interest in the resolution of this suit. ECF No. 62 at 14. Topia argues that Dropbox has a significant presence in this District. *Id.* Topia argues that Dropbox has "well-known resellers" in Texas, including Tellepsen Builders, Brandt, KIPP Houston, Reds PC and Technologies, Accudata Systems, The Core Technology Group, One Stop Cyber, and Technology and Beyond. *Id.* In its reply, Dropbox complains that Topia overemphasizes Dropbox's general presence in this District. ECF No. 66 at 5.

The Court agrees with Dropbox that its presence in the NDCA weighs in favor of transfer. Dropbox is headquartered in that district and the development of the accused products took place in the NDCA. ECF No. 43 at 14. Because the accused products were largely developed in that district, many of the events that gave rise to the suit likely occurred in the NDCA. The Court disagrees with Topia that Dropbox's presence in the WDTX weighs against transfer. Even though Dropbox maintains an office in this District, Topia has not alleged that Dropbox's Austin office has any connection to the accused products. Further, even though there are customers in this District that may have an interest in the outcome of the litigation, Dropbox has customers worldwide, which likely includes customers in the NDCA. Thus, the Court determines that the WDTX does not have a significant local interest in the outcome of this litigation. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue.").

Because most of the events that gave rise to this litigation took place in the NDCA, the Court finds that this factor weighs in favor of transfer.

### iii.   *Familiarity of the Forum with the Law That will Govern the Case*

Dropbox argues that this factor is neutral, and Topia makes no argument to the contrary. ECF No. 43 at 15; ECF No. 62. The Court finds that this factor is neutral—both forums are familiar with the law that will govern the case.

### iv.   *Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

Dropbox argues that this factor is neutral, and Topia makes no argument to the contrary. ECF No. 43 at 15; ECF No. 62. The Court finds that this factor is neutral.

## IV.   CONCLUSION

Having considered the private and public interest factors, the Court finds that four of the factors favor transfer, two disfavor transfer, and two are neutral. A decision to uproot litigation and transfer is not the consequence of a simple math problem. Instead, a moving party must show that the transferee forum is a clearly more convenient forum. Here, practical considerations and court congestion weigh against transfer. The willing witness, sources of proof, compulsory process, and local interest factors weigh in favor of transfer to the NDCA. Based on the outcome of these four factors, the Court finds that Dropbox has met its burden of showing that the NDCA is a clearly more convenient forum. The Court's conclusions for each factor are summarized in the following table:

| Factor | The Court's Finding |
|---|---|
| Relative ease of access to sources of proof | In favor of transfer |
| Cost of attendance for willing witnesses | In favor of transfer |
| Availability of compulsory process to secure the attendance of witnesses | In favor of transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Against transfer |
| Administrative difficulties flowing from court congestion | Slightly against transfer |
| Local interest | In favor of transfer |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

**IT IS THEREFORE ORDERED** that Dropbox's Motion to Transfer Venue to the Northern District of California is **GRANTED** (ECF No. 43). Defendant Dropbox's Motion to Sever and Stay is **MOOT**.

**SIGNED** this 3rd day of January, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE